IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

RAMONA PEETE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 1:17-cv-01112-JES

### ORDER

Before the Court are the Petitioner, Ramona Peete's, *pro se* Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (D. 4)[1] and the Respondent, the United States of America's, Response (D. 6). For the reasons set forth below, the Petitioner's Amended § 2255 Motion is DENIED and the Court declines to issue a certificate of appealability. This matter is now terminated.

### BACKGROUND

In April 2015, the Respondent charged the Petitioner by way of indictment with: Conspiracy to Defraud the Government, in violation of 18 U.S.C. § 286 (Count I); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts II, III, and IV); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A (Counts V through XIV). (Cr. D. 1).[2] Pursuant to a written plea agreement, the Petitioner plead guilty to Counts I and VI in January 2016. (Cr. D. 11). The Respondent agreed to bring no additional charges and reserved the right to file a motion for

---

[1] Citations to the Docket in this case are abbreviated as "D. __."
[2] Citations to the underlying criminal case docket, 15-CR-10027 are abbreviated as "Cr. D. __."

downward variance from the advisory sentencing guideline range pursuant to United States Sentencing Guidelines ("USSG") § 5K1.1. *Id*. at pp. 9; 11-12.

According to the plea agreement, the Petitioner waived her right to collaterally attack her conviction and sentence. *Id*. at pg. 7. In total, that section of the plea agreement was as follows:

> The defendant also understands that she has a right to attack her conviction and/or sentence collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that the Court was without proper jurisdiction; or that the conviction and/or sentence (including but not limited to, the amount of any fine or restitution imposed) were otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255, and the defendant understands her rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, and in exchange for the concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily waives her right to challenge any and all issues relating to her plea agreement, conviction and/or sentence (including, but not limited to, the amount of any fine or restitution imposed), in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of ineffective assistance of counsel.

*Id*.

Pursuant to U.S.S.G. § 2B1.1(a)(2), the Petitioner's conduct for Count I produced a base offense level of 6. (Cr. D. 22 at pg. 6). After various adjustments, including a 14 point enhancement for an intended loss of $1,258,640.00, her resulting total offense level was 23. *Id*. at pg. 8. For Count VI, a statutorily required two year consecutive sentence was applied pursuant to 18 U.S.C. § 1028A and U.S.S.G. § 2B1.1. *Id*. The Petitioner's guideline range for Count I was 46-57 months. *Id*. at pg. 13. The Respondent recommended a downward departure, pursuant to U.S.S.G. § 5K1.1. (See the Court's August 2, 2016 minute entry in the Petitioner's criminal case.) This Court sentenced the Petitioner to, *inter alia*, 37 months' imprisonment on Count I and 24 months consecutively on Count VI. (Cr. D. 24 at pg. 2).

In March 2017, the Petitioner filed the instant Motion, amending it in July of that year. (D. 1); (D. 4). Her challenge relates exclusively to Count I. She claims her trial counsel was ineffective in failing to verify that all of her victims were veterans and failing to verify the amount of money she attempted to take. (D. 4 at pg. 4). The complete supporting factual basis for her claim against counsel is:

> Counsel did not verify that all of the identities where the name of veterans nor did he verify the amount of money that I was accused of taking from the government. He did not discuss nor go over any paperwork pinpointing the veteran's names and the amount that was received by each person. He never informed me that money paid out for child support, state taxes, or federal taxes for back pay would and could be reversed for the government to get their money back.

*Id*.

The Petitioner reasons that she is entitled to a reduction in her sentence for Count I because of "the unconstitutional imposition of additional time of incarceration for uncharged, unindicted, untried loss amount" which "lead [*sic*] to an unduly long sentence." *Id*. at pg. 5. She further specifies that she is requesting "a reduced non-guideline sentence without [a] 14 point enhancement for money loss." *Id*. at pg. 13. The legal authority in the Petitioner's analysis consists of a reference to *Dean v. United States*, 137 S. Ct. 1170 (2017). In response, the Government argues the Petitioner waived her right to collaterally attack her sentence, and her Motion should be denied. (D. 6 at pp. 7-10).

**LEGAL STANDARD**

A waiver of collateral review is generally enforceable, assuming the collateral attack falls within the scope of the waiver. *Jones v. United States*, 167 F. 3d 1142, 1145 (7th Cir. 1999); *United States v. Chapa*, 602 F. 3d 865, 868 (7th Cir. 2010). Here, the Petitioner alleges ineffective assistance of counsel. (D. 4). Not all claims of ineffective assistance of counsel

3

overcome collateral attack waivers; broad, unsupported accusations, in particular, are not allowed. *Long v. United States*, 847 F. 3d 916, 920 (7th Cir. 2017) (citing *Hurlow v. United States*, 726 F. 3d 958, 967 (7th Cir. 2013)). More specifically, if counsel's ineffectiveness relates to sentencing, and not to the negotiation of the plea agreement, courts will enforce collateral attack waivers. *Mason v. United States*, 211 F. 3d 1065, 1069 (7th Cir. 2000).

Additionally, the Petitioner is only entitled to an evidentiary hearing on her ineffective assistance of counsel claim if she has alleged "facts that, if proven, would entitle h[er] to relief." *Gaylord v. United States*, 829 F. 3d 500, 506 (7th Cir. 2016) (citing *Bruce v. United States*, 256 F. 3d 592, 597 (7th Cir. 2001)) (citation and internal quotation marks omitted). An evidentiary hearing is not required, however, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id*. (citing *Bruce*, 256 F. 3d at 597 (quoting § 2255) (internal quotation marks omitted)).

## ANALYSIS

As the Government highlights, the Petitioner does not claim her plea agreement was involuntary, that the Court relied on a constitutionally impermissible factor at sentencing, that her sentence exceeded the statutory maximum sentence, or that she received ineffective assistance of counsel in relation to the negotiation of her plea agreement. (D. 6 at pg. 7). Rather, the Petitioner alleges her trial counsel's performance was deficient in failing to present "a viable argument about the number of [tax] returns" and "the amount of money that was received from veterans[.]" (D. 4 at pg. 17). In doing so, she concludes that her sentence was "a substantial chunk out of [her] life, but for Counsel's neglect." *Id*.

The Petitioner's arguments are all couched in terms of trial counsel's ineffectiveness. Much like the petitioner in *Mason v. United States*, however, her claims are actually "an attack on h[er] sentence and the manner in which it was determined." 211 F. 3d at 1068. In reality, she is collaterally attacking her sentence. Her emphasis on *Dean v. United States*, a case relevant to sentencing issues and having nothing to do with ineffective assistance of counsel, is telling in this regard. Therefore, as a matter of law, she has waived the right to bring a collateral attack on the basis she asserts in her Motion. *United States v. Chapa*, 602 F. 3d at 868.

Furthermore, the record before the Court confirms that the Petitioner's plea was knowing and voluntary, and that her counsel was not ineffective during sentencing. The plea colloquy conducted by the Court was in compliance with Federal Rule of Civil Procedure 11. The Petitioner stated under oath that she was fully satisfied with the representation she received and that she had the opportunity to review and discuss the plea agreement with her attorney. (Cr. D. 42 at pg. 6). The Court explained the elements of the charges against her and she acknowledged that she understood them. *Id*. at pp. 9-10. The Court further explained to the Petitioner the terms of her collateral attack waiver and affirmed that she understood them. *Id*. at pp. 11-13.

Thereafter, the Petitioner heard the factual basis for her convictions. *Id*. at pp. 15-18. Relevant to her § 2255 Motion, this included statements that she used her position as a Veteran's Affairs hospital employee to steal identities and file the false tax returns of "[a]pproximately 800" people for "refunds of approximately 1.3 million." *Id*. at pp. 17-18. The Petitioner confirmed that the facts were correct and acknowledged that they were, in part, the basis for her decision to plead guilty. *Id*. at pp. 18-19. This information was also in her plea agreement and presentence report. (Cr. D. at pp. 12-13); (Cr. D. 22 at pg. 4). The Petitioner never objected to

any of this. In short, the record affirms that the Court properly convicted her of Count I, Conspiracy to Defraud the Government, and imposed an appropriate sentence.

The Petitioner's supporting facts do not change the Court's analysis. Counsel's alleged failure to inform the Petitioner that the government has a means of garnishing wages for a variety of reasons has no impact on her argument. The same is true for the remaining facts she asserts. Even assuming, *arguendo*, that trial counsel was required to, but did not, verify the identity of all of her victims and the precise amount stolen from each one, her claim still fails. These facts are insufficient to support her claim of deficient performance. She stipulated to the damage she did and attempted to do. Under the circumstances, trial counsel's decision not to insist that the Court hear the finer details in lieu of the generalities before sentencing was a prudent tactical decision. The Petitioner's after the fact assertions that trial counsel should have conducted further investigation into the identity of each of her hundreds of victims and the precise amount stolen from each of them are without merit. For all of the reasons discussed above, the Petitioner's Motion is hereby DENIED.

The Court further notes that Rule 11(a) of the Rules Governing § 2255 Proceedings directs district courts to either issue or deny a certificate of appealability when entering a final order adverse to the applicant. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Given the facts of this case, no reasonable jurist could

conclude that the Petition before this Court entitles the Petitioner to relief under § 2255. Accordingly, this Court will not issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Petitioner's Amended Motion (D. 4) is DENIED. This matter is now terminated. The Court further declines to issue a certificate of appealability.

*It is so ordered.*

Entered on May 2, 2018

s/ James E. Shadid\_\_ \_
James E. Shadid
Chief United States District Judge